UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:00CV01915 ERW |
| ) | |
| BAYER BIOSCIENCE N.V., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant's Motion to Set the Order of Proof at Trial [doc. #524]. On December 4, 2000, Monsanto Company [Monsanto] filed suit against Bayer Bioscience N.V. [Bayer] seeking a declaratory judgment that Monsanto's MON810 product, also known as YieldGuard, does not infringe on certain patents owned by Bayer. Monsanto also seeks a declaratory judgment that Bayer's patent claims are invalid. Bayer counterclaimed that Monsanto willfully infringed on Bayer's patents. By stipulation of the parties, only certain claims of United States Patent 5,545,565 ['565 patent] remain at issue in this case.

Bayer has filed the instant motion seeking an Order that it may proceed first at trial. District courts have considerable discretion when deciding whether to alter the order of proof at trial. See Anheuser-Busch, Inc. v. John Labatt, Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996) and Grayling Industries, Inc. v. GPAC, Inc., 25 U.S.P.Q.2d 1239, 1240 (N.D. Ga 1992). Bayer argues that: (1) because it is the "more traditional plaintiff," since it has filed a counterclaim claiming that Monsanto infringed on its patent claims, it is entitled to present its evidence first; (2) because it raised the claims that made the case triable by jury, it should be allowed to go first at trial; and (3) allowing Monsanto to proceed first would confuse the evidence because Bayer will

not be able to first introduce the patent and infringement allegations to the jury before Monsanto claims the patent is invalid.

This Court finds all of Bayer's arguments unpersuasive. Prior to the case being appealed to the Federal Circuit, Bayer stipulated during pretrial matters that Monsanto would be presenting evidence first. The claim that Bayer is entitled to present its evidence first is a new argument. "Ordinarily, the trial court extends the privilege of opening an closing the case to the party that has the burden of proof." Anheuser-Busch, 89 F.3d at 1344. Although Bayer may have the burden of proof relating to its allegations of infringement, Monsanto has the burden of proving patent invalidity. It is irrelevant to the issue of setting the order of proof that Monsanto's claims would not be triable by jury, and Bayer has presented no authority to the contrary. The Court does not believe that the jury will be any more confused by the complex facts relating to this suit if Monsanto is permitted to proceed first at trial. Finally, the Court finds the analysis in GMIS v. Health Payment Review to be on point and highly instructive. In that case, Defendant Health Payment Review [HPR] filed a motion to alter the order of proof claiming that since it was suing for patent infringement, it would be more logical if it proceeded first at trial. Id. The court reasoned that it could not

> lose sight of the fact, however, that it was not HPR that chose to come to court to protect its patent. Rather, GMIS elected to clear the air and avoid any potential further liability by using the Declaratory Judgment Act, 28 U.S.C. Section 2201, as it was intended to be used to preclude HPR from engaging in a danse macabre, brandishing a Damoclean threat with a sheathed sword. For whatever reason, HPR did not elect to sue for patent infringement. Rather, GMIS felt compelled to bring this action to resolve the parties' conflict. It is only fair that GMIS be afforded the role of plaintiff at trial.

GMIS, 34 U.S.P.Q.2d at 1395 (internal citations and quotations omitted). Monsanto chose to file suit against Bayer so that Monsanto's rights to use and license MON810 could be decided by a Court. It was only after Monsanto filed suit that Bayer elected to seek a remedy for the alleged infringement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Set the Order of Proof at Trial [doc. #524] is **DENIED**.

Dated this 10th day of May, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE